# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DIEGO PAVIA, | ) |
| Plaintiff, | ) |
| | ) NO. 3:24-cv-01336 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, | ) |
| Defendant. | ) |

## ORDER

Pending before the Court is Plaintiff Diego Pavia's Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. No. 8). Plaintiff requests the Court enter an order enjoining the National Collegiate Athletic Association ("NCAA") from enforcing certain eligibility bylaws to prevent him from playing college football in the 2025-26 season.

Plaintiff's claim that he will suffer immediate and irreparable harm without injunctive relief is connected to the opening of the Division I football transfer portal from December 9, 2024, to December 28, 2024. Plaintiff contends that being forced to wait even one more day to determine his eligibility for the 2025-26 season will "place him between a rock and a hard place" with regard to negotiations with Vanderbilt for next season and deciding whether to enter the transfer portal. Plaintiff also claims immediate irreparable harm because his ineligibility to play football next season increases the likelihood that entities that have interest in name, image, and likeness ("NIL") contracts with Plaintiff for the 2025 season will move forward with other athletes. Aside from the deadlines related to the transfer portal, Plaintiff argues that immediate injunctive relief is necessary because of the possibility that he might suffer a season or career ending injury before he is able to sign name, image, and likeness ("NIL") contracts for the 2025 season.

Counsel for Plaintiff states that notice of the motion was provided to Jared Tidemann, the NCAA Director of Legal Affairs and Senior Counsel of Government Relations and Sports Administration prior to its filing with the Court. Counsel further states that Plaintiff's counsel has been discussing the matter with Mr. Tidemann since October 30, 2024, but the parties have been unable to agree on a resolution.

Given that Plaintiff has almost certainly been aware of the challenged bylaws and his ineligibility to play college football in the 2025-26 season for quite some time and has been discussing possible resolution with the NCAA, the Court is not persuaded that an ex parte order is justified. This is particularly the case here where the Plaintiff seeks prospective injunctive relief, not merely preservation of the status quo. *See Proctor & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 226 (6th Cir. 1996) ("[T]he purpose of a TRO under Rule 65 is to preserve the status quo so that a reasoned resolution of a dispute may be had."); *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993) ("[E]x parte restraining orders should be limited to preserving the status quo only for so long as is necessary to hold a hearing."); *see also*, *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974) ("[O]ur entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute … ex parte restraining orders should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.").

Accordingly, Plaintiff's motion for an ex parte temporary restraining order is **DENIED**. The Court is prepared to set an expedited briefing schedule and hearing on the request for preliminary injunction, but will first give the parties an opportunity to propose a schedule. After

counsel for Defendant enters an appearance, the Court is also amenable to holding a telephone status conference should the parties so request. Plaintiff shall provide Defendant a copy of this Order.

    It is so **ORDERED**.

                                                                                                _____
                                                                                               WILLIAM L. CAMPBELL, JR.
                                                                                               CHIEF UNITED STATES DISTRICT JUDGE