IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DIEGO PAVIA,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,<br><br>    Defendant. | Case No. 3:24-CV-01336<br><br>CHIEF JUDGE CAMPBELL<br><br>MAGISTRATE JUDGE NEWBERN |

**DEFENDANT'S FILING RELATING TO
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

During the preliminary injunction hearing on December 4, 2024, the Court requested that the NCAA address the merit of public reports indicating that the NCAA is considering a rule change that would allow Division I student-athletes to have five seasons of competition and five years of eligibility, *see* Tr. of Proceedings (Dec. 4, 2024), ECF No. 38 at 116:1–117:24, in contrast to four seasons of competition over a five-year period (the "4/5 Rule" under Bylaw 12.8, Seasons of Competition: Five-Year Rule), *see* ECF No. 1-2 at 67 (Bylaw 12.8). As explained more fully below, there is no formal legislative proposal to change the 4/5 Rule under Bylaw 12.8 (Seasons of Competition: Five-Year Rule) or Bylaw 12.02.6 (definition of Intercollegiate Competition). The NCAA has no reason to believe the Division I membership intends to make a change—if at all—any time soon, or on a timeline that would impact this case.

Colleges and universities created the NCAA as a voluntary, unincorporated association with nearly 1,100 member schools spread across three divisions. Division I is composed of more than 350 member schools. Each Division promulgates its own rules and operating guidelines through an established legislative and governance process. Decl. of Jerry Vaughn in Support of

Def.'s Opp'n to Plf.'s Mot. for Prelim. Inj., ECF No. 30-1 at ¶ 5. The employees and staff of the NCAA, up to and including the NCAA President, are not members and cannot create and adopt bylaws.

In Division I, all bylaws are proposed and adopted by the Division I membership through various governance committees and bodies, all of which are comprised of representatives from member schools and conferences. At every level, member schools must consider the potential benefits and consequences of such changes not only to their schools and conferences, but for the hundreds of thousands of current and prospective student-athletes. Possible amendments to existing bylaws may be discussed among members without ever culminating in a formal proposal. Rule changes are typically proposed by member schools or conferences. From there, proposals may advance for consideration and discussion to a committee or working group. Proposals are subject to vetting from subject matter experts, through surveys of the entire membership, and other forms of input and evaluation. The Division I Council is the primary legislative authority, and discussions at even the Division I Council level may not result in any action. If a formal rule change is proposed, voted on, and approved, the rule change typically does not take effect immediately.[1]

Eligibility rules set forth standards for student-athletes prior to and during collegiate enrollment, as well as guidelines on which individuals can compete, against whom they compete, and for how long they are eligible to compete in their chosen sport. *Id.* at ¶¶ 10, 15–16. The

---

[1] In Plaintiff's reply brief, and during the Court's December 4, 2024 hearing, the NCAA's recent rule change regarding the Canadian Hockey League was discussed. *See* Reply in Support of Mot. for Prelim. Inj., ECF No. 33 at 7, 10; Tr. of Proceedings (Dec. 4, 2024), ECF No. 38 at 92:8–94:7. That rule change was announced on November 7, 2024, but it will not take effect until August 1, 2025. Ex. 2, *NCAA DI Council Votes to Make CHL Players Eligible*, COLLEGE HOCKEY INC. (Nov. 7, 2024), https://perma.cc/52UJ-XNVG.

purpose of these eligibility rules is to encourage and support student-athlete progress toward completion of a four-year college degree and to create and support a landscape of fairness of athletic competition among and between student-athletes. The NCAA and its member schools and conferences are proud of the rate at which student-athletes advance to obtain degrees; this academic success allows NCAA member schools to serve hundreds of thousands of student-athletes, as current student-athletes' completion of their academic and athletic collegiate careers opens up new opportunities to prospective student-athletes. *Id.* ¶ 10.

The preliminarily approved settlement in the *House* litigation relating to student-athletes' alleged lost earnings for name, image, and likeness ("NIL"), among other claims, explicitly permits Division I members to maintain the 4/5 Rule, Bylaw 12.8. *See* Ex. 3, Revised Order Granting Plfs.' Mot. for Prelim. Settlement Approval as Modified, *In re College Athlete NIL Litig. ("House")*, No. 4:20-cv-03919 (N.D. Cal. Oct. 7, 2024), ECF No. 544 at 4–5 (preliminarily approving settlement for class of student-athletes who competed on a Division I athletic team from June 15, 2016, through September 15, 2024). The *House* settlement agreement states: "The NCAA and the Conference Defendants may likewise adopt or affirm the following additional rules before or in conjunction with Final Approval of this Injunctive Relief Settlement," including "rules governing the number of seasons/length of time student-athletes are eligible to receive benefits" and "any rule capping the number of years a student-athlete may receive payments at four years, and providing that all four of those years must be played within a consecutive five-year period." Ex. 4, Am. Stipulation and Settlement Agreement, *House*, No. 4:20-cv-03919 (N.D. Cal. Sept. 26, 2024), ECF No. 535-1 at 72 (Section 3, "New NCAA and Conference Rules"). The agreement also explicitly permits Division I to "adopt or affirm . . .

rules requiring that student-athletes continue to make progress toward a degree while enrolled in any Member Institution." *Id.* at 72–73.

To keep pace with the changing student-athlete environment, the Division I membership has begun engaging in a comprehensive review of existing eligibility rules, to continue "'to chart the path forward and drive historic change.'" Ex. 5, Steve Berkowitz, *Judge Gives Preliminary Approval for NCAA Settlement Allowing Revenue-Sharing with Athletes*, USA TODAY (Oct. 7, 2024), https://perma.cc/R2WD-4WBX (quoting NCAA President Charlie Baker). As part of that review, the Division I membership has begun discussing potential changes to the four seasons of competition and five-year rule. Any potential review will seek to increase certainty and stability for Division I, to avoid unintended consequences from rules changes, and to consider the entire student-athlete cohort, including current and prospective student-athletes.

Discussions regarding potential rule changes among the NCAA members schools, conferences, subject matter committees, and Division I Council are distinct from a formal request for legislative action. Such discussions throughout the NCAA bodies and among members can last for years without ever progressing to a vote by the Division I Council to change the rules. This is likely to be a long, iterative process that must consider the potential impact on hundreds of thousands of current and prospective student-athletes.

There is no formal legislative proposal to change the 4/5 Rule under Bylaw 12.8 (Seasons of Competition: Five-Year Rule) or Bylaw 12.02.6 (definition of Intercollegiate Competition), and the NCAA has no reason to believe the Division I membership intends to make a change—if at all—any time soon, or on a timeline that would impact this case.

Dated: December 9, 2024

By: */s/ Taylor J. Askew*
Taylor J. Askew (BPR 033193)
David J. Zeitlin (BPR 037664)
**HOLLAND & KNIGHT LLP**
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
taylor.askew@hklaw.com
david.zeitlin@hklaw.com

Rakesh Kilaru (*pro hac vice*)
Tamarra Matthews Johnson (*pro hac vice*)
Cali Arat (*pro hac vice*)
Max Warren (*pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
rkilaru@wilkinsonstekloff.com
tmatthewsjohnson@wilkinsonstekloff.com
carat@wilkinsonstekloff.com
mwarren@wilkinsonstekloff.com

*Counsel for National Collegiate Athletic Association*

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2024, I electronically filed the foregoing Filing Relating to Plaintiff's Motion for Preliminary Injunction with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties and counsel of record.

Dated: December 9, 2024

By: */s/ Taylor J. Askew*
Taylor J. Askew (BPR 033193)
**HOLLAND & KNIGHT LLP**
511 Union Street, Suite 2700
Nashville, Tennessee 37219
taylor.askew@hklaw.com

*Counsel for National Collegiate Athletic Association*