IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| DIEGO PAVIA; CHRISTOPHER BELLAMY, DEMARCUS GRIFFIN, TJ SMITH, TRE RICHARDSON, TRENT HUDSON, ANDREW BURNETTE, JAMES DJONKAM, IMAN OATES, JOSE "JOEY" AGUILAR, AZARIAH "BEAR" LEVELLS, JACOB DE JESUS, DAVID MURPHY, JA'IR SMITH, ANTHONY FRIAS II, AMANI GIVENS, ZELMAR VEDDER, AND ALEXANDER CAPKA-JONES, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, <br><br> Defendant. | Case No. 3:24-cv-01336 |

## DEFENDANT NATIONAL COLLEGIATE ATHLETIC ASSOCIATION'S 12(b)(6) MOTION TO DISMISS THE AMENDED COMPLAINT

Defendant National Collegiate Athletic Association ("NCAA") by and through undersigned counsel, hereby moves to dismiss Plaintiffs' Amended Complaint. In their Amended Complaint, Plaintiffs plead one claim against the NCAA: violation of the Sherman Act. Plaintiffs aver that the eligibility rules in the NCAA Division I ("DI") Manual and Bylaws which limit a student-athlete's participation to four seasons of intercollegiate competition within five years, including years at two-year junior colleges (the "Challenged Rules"), unreasonably restrain trade. Plaintiffs' Amended Complaint should be dismissed for three primary reasons.

*First*, Plaintiffs fail to plausibly allege that the Challenged Rules cause substantial anticompetitive effects in the alleged labor market. Plaintiffs' conclusorily assert that the Challenged Rules harm price and output, but that is implausible because the available

compensation (*i.e.* price) and output (*i.e.* roster spots) in the alleged marketplace are capped by the settlement in *In re: College Athlete Litigation*, 4:20-CV-03919 (N.D. Cal.) ("*House*"). Plaintiffs complain that, because of the Challenged Rules, **they personally** will not receive the benefits of participation in collegiate athletics, but absent from their Amended Complaint is a plausible theory explaining how the Challenged Rules depress the sum of benefits available market-wide below the competitive level. Only the latter allegations can sustain an antitrust claim. And, post-*House*, any such allegations are implausible.

*Second*, Plaintiffs have failed to plead facts demonstrating that their asserted market definition is plausible. In order to define the relevant market, Plaintiffs must plead facts indicating that the alleged market includes all commodities reasonably interchangeable by consumers for the same purposes, and the cross-elasticity of demand for the same. The allegations of the Amended Complaint do not address potential substitutes in the asserted market. Rather, the Amended Complaint identifies factors that make the NCAA's product unique. The allegations, however, do not plausibly demonstrate that NCAA Division I football is a market onto itself.

*Third*, only restraints "commercial in nature" fall within the ambit of the Sherman Act. Sixth Circuit precedent, and persuasive precedent from other federal circuit courts, indicates that the Challenged Rules are not commercial and are outside the purview of the Sherman Act. Plaintiffs' claim therefore fails as a matter of law, and the Amended Complaint should be dismissed with prejudice.

For the foregoing reasons, which are more fully discussed in the accompanying memorandum of law, the NCAA moves the Court to dismiss the Amended Complaint.

2

#531340130_v1
Case 3:24-cv-01336    Document 64    Filed 12/19/25    Page 2 of 4 PageID #: 2211

Respectfully submitted,

*s/ Taylor J. Askew*
Taylor J. Askew (TN BPR No. 033193)
David J. Zeitlin (TN BPR No. 037664)
Holland & Knight LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
T: (615) 244-6380
F: (615) 244-6804
taylor.askew@hklaw.com
david.zeitlin@hklaw.com
*Counsel for Defendant*
*National Collegiate Athletic Association*

# CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties and counsel of record.

Dated: December 19, 2025

By: *s/ Taylor J. Askew*
Taylor J. Askew
Holland & Knight LLP
511 Union Street, Suite 2700
Nashville, TN 37219
taylor.askew@hklaw.com

*Counsel for National Collegiate Athletic Association*