IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| DIEGO PAVIA, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 3:24-cv-01336 |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, | ) CHIEF JUDGE CAMPBELL |
| Defendant. | ) |

## MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Federal Rule of Civil Procedure 65 and Local Rule 65.01, Plaintiffs Christopher Bellamy, Demarcus Griffin, TJ Smith, Trevonte "Tre" Richardson, Trent Hudson, Andrew Burnette, James Djonkam, Iman Oates, Jose "Joey" Aguilar, Azariah "Bear" Levells, Jacob De Jesus, David Murphy, Ja'ir Smith, Anthony Frias II, Amani Givens, Zelmar Vedder, Alexander Jones, Eddy Toussom, Kyri Shoels, Jamarien Wheeler, Emery Floyd, Jayden Dixon-Veal, Nadame Tucker, Quintrayvion Taylor, Josea Wheeler, and Jaden Mosley file this Motion for Preliminary Injunction to enjoin the National Collegiate Athletic Association ("NCAA"), from enforcing NCAA Bylaws 12.8 (the "Five-Year Rule"), 12.02.6 (the "Intercollegiate Competition Rule"), and 14.3.3 (the "Three Year Limitation"), (collectively referred herein as the "Intercollegiate Competition Rules"), against them to prevent them from playing NCAA Division I football in the 2026-27 and/or 2027-28 seasons based on their attendance at junior college. Absent such provisional relief, due to the closing of the NCAA transfer portal on January 16, 2026 and the finalization of rosters, Plaintiffs will suffer immediate and irreparable harm as supported by their own contemporaneously filed Declarations, testimony of Prof. Joel Maxcy (three declarations plus testimony and cross examination by the NCAA), the Declaration of Andrew Givens from the

NJCAA, the evidence attached to Plaintiffs' Complaint, and Plaintiffs' Memorandum of Law (and evidence attached thereto) in support of the Motion. Plaintiffs respectfully request that this Court enter an order enjoining Defendant from enforcing the Intercollegiate Competition Rules against Plaintiffs pending entry by the Court of a final judgment in this action.

Furthermore, for preliminary injunctive relief against the Intercollegiate Competition Rules to be effective, Plaintiffs also respectfully request that the Court enjoin the NCAA from enforcing Bylaw 12.11.4.2. This bylaw allows Defendant to punish its member institutions when a college athlete who is ineligible for competition participates in games pursuant to a court order allowing the college athlete's participation if the court order is later vacated, reversed, or otherwise invalidated. Thus, Plaintiffs further request that this Court enjoin Defendant from retaliating and/or implementing NCAA Bylaw 12.11.4.2 against any Plaintiff or any NCAA member institutions for conduct allowed by any temporary or preliminary injunctive relief that this Court may issue.

In support of this Motion, Plaintiffs rely upon and files contemporaneously with his Motion a Memorandum of Law in Support and supporting Declarations.[1]

Respectfully submitted,

*/s/ Ryan Downton*
Ryan Downton (*Pro Hac* Pending)
Texas Bar No. 24036500
The Texas Trial Group
875 Carr 693, Ste. 103
Dorado, PR 00646*
Phone: 512-680-7947
Ryan@TheTexasTrialGroup.com
*Ryan Downton is licensed in Texas, not Puerto Rico

and

---

[1] Plaintiffs may support their motion with declarations rather than affidavits pursuant to 28 U.S.C. § 1746.

Salvador M. Hernandez (TN #020121)
Riley & Jacobson, PLC
1906 West End. Ave.
Nashville, TN 37205
P: (615) 320-3700
F: (615) 320-3737
shernandez@rjfirm.com

## ATTORNEY CERTIFICATION OF NOTICE PURSUANT TO RULE 65(b)(1)

The undersigned certifies that counsel provided notice of the Motion for Preliminary Injunction, including a copy of the Complaint and the Memorandum of Law in Support to counsel for the NCAA, Taylor Askew, Holland & Knight, 511 Union St., Ste. 2700, Nashville, TN 37219, Taylor.askew@hklaw.com via email at 4:00 p.m. today, December 26, 2025. The undersigned further certifies that counsel for Plaintiffs, Ryan Downton, has been discussing this matter and the immediate and irreparable harm to Plaintiffs with counsel for the NCAA since April 26, 2025, but the Parties have been unable to agree on a resolution satisfactory to all parties.

Plaintiffs request a hearing no later than the week of January 12, 2026 as the transfer portal closes on January 16, 2026.

Pursuant to Rule 65(b)(1), the undersigned counsel certifies that no further notice should be required because Plaintiffs will continue to suffer immediate and irreparable injury, which injury Plaintiffs have shown and supported through specific facts verified by filed Declarations.

*/s/ Ryan Downton*
Ryan Downton

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon the following person(s) via e-mail prior to filing on the ECF system and U.S. Mail on the 26th day of December 2025:

Taylor Askew
Holland & Knight
511 Union St., Ste. 2700
Nashville, TN 37219
Taylor.askew@hklaw.com

*Counsel for the NCAA*

                                          */s/ Ryan Downton*
                                          Salvador M. Hernandez